UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENJAMIN STIBBE,

        Petitioner,

v.                                   Case No. 24-cv-1396-pp

MICHAEL MEISNER,

        Respondent.

**ORDER DISMISSING CASE AS DUPLICATIVE AND DENYING AS MOOT MOTION FOR EXCESSIVE WORD COUNT (DKT. NO. 2)**

On October 30, 2024, the petitioner, representing himself, filed this petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2007 convictions for reckless homicide by the delivery of a controlled substance and manufacturing/delivering heroin. Dkt. No. 1. This is the second *habeas* petition the petitioner has filed in this district challenging these convictions. See Stibbe v. Meisner, Case No. 24-cv-1378, Dkt. No. 1 (E.D. Wis.) (filed two days prior to this petition). Along with the petition, the petitioner filed a motion for excessive word count, explaining that although he had tried to make his points as simply as he could, he had been required to go over "the established word count." Dkt. No. 2.

In general, a petitioner may only file one *habeas* petition challenging a single conviction or sentence. Section 2244 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states that "a claim presented in a second

1

or successive *habeas corpus* application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(1). The phrase "'second or successive' must be interpreted with respect to the judgment challenged." Magwood v. Patterson, 561 U.S. 320, 333 (2010). In other words, if a petitioner's second petition challenges the same state court judgment that the petitioner challenged in his first petition, the second qualifies as a "second or successive" petition.

There are two narrow exceptions that allow district courts to consider claims brought in second and successive petitions, *if* a petitioner can meet the requirements. But before a petitioner may attempt to seek relief in a second or successive petition under those exceptions, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). Only the federal court of appeals "may authorize the commencement of a second or successive petition." Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). The district court has no choice; it "*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Id. (emphasis in original).

The court has not yet ruled on the petitioner's first petition, so this later-filed case technically is not a "second or successive petition." But the Seventh Circuit has stated that allowing two petitions challenging the same conviction to proceed in parallel may constitute "an abuse of the writ" for the same reasons second or successive petitions are prohibited. Turner v. Farley, 53 F.3d

2

333 (7th Cir. 1995) (quoting Higgason v. Clark, 984 F.2d 203, 204 (7th Cir. 1993) ("channeling all arguments into a single collateral attack is the principal role of the doctrine treating successive petitions as abuses of the writs.")). Although the petitioner raises different grounds for relief in his two petitions, both petitions challenge the same sentence and seek the same relief. The petitioner could raise all his grounds for relief in a single petition; he does not have to pursue different theories in different petitions.

Because this petition is duplicative, the court will dismiss it and allow the petitioner to proceed with his earlier-filed case. The petitioner may, if he chooses to do so, file a motion in the first case, asking the court's permission to amend his first petition. If the petitioner chooses to file such a motion, he should attach to it his proposed amended complaint in the first case.

As for the petitioner's request to allow him to exceed the "established word count," the court will deny that motion as moot. The court is unaware of any rule setting a "word count" for *habeas* petitions. The court's Civil Local Rule 7(f) states that briefs and memoranda in support of or opposition to a motion must not exceed thirty (30) pages. The petitioner filed a brief in support of this second petition; it is thirty-four pages long and is not double-spaced. If the petitioner files a motion asking for leave to amend his first *habeas* petition, the court will screen the amended petition. If it concludes that the amended petition states valid *habeas* claims, the court will give the petitioner a deadline by which to file a brief in support of that amended petition (which the

3

petitioner should work hard to confine to the thirty-page limit stated in the court's local rule).

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** as duplicative of Case No. 24-cv-1378. The clerk will enter judgment accordingly.

The court **DENIES AS MOOT** the petitioner's motion for excess word count. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 7th day of May, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**